# H. J. JAEGER COMPANY

*v.*

# JOHN M. HANNAN.

[Decided August 1st, 1919.]

1. In a transaction as to purchase and sale of real estate, if fiduciary relationship is shown to have existed between the complainant and defendant, the defendant cannot profit by the transaction at the expense of the party whose interests he was bound to protect, unless full disclosure was made and assented to by the complainant.

2. The burden of establishing the fiduciary relationship is upon the complainant.

On bill, pleadings and proofs in open court.

*Messrs. Weller & Lichtenstein,* for the complainant.

*Mr. J. Emil Walscheid,* for the defendant.

LEWIS, V. C.

The bill was filed by the complainant, a body corporate, against the defendant, to compel him to account for and pay over to the complainant the difference between what he paid for a certain piece of land in Weehawken, New Jersey, and the amount paid to him for it by the complainant.

The defendant, John M. Hannan, was a real estate agent. Mr. H. J. Jaeger was the president of the H. J. Jaeger Lamp Company, the complainant. The lamp company desired to purchase a tract of land upon which to erect a factory. By appropriate resolutions the president was authorized to negotiate for the purchase of the tract in question. He claims that he arranged with Hannan to treat with the owner of the land and obtain it for him, Hannan to receive his commission on the sale, from the owner. Hannan, in turn, arranged with Louis Menscheler to negotiate with the owner, and told him to collect the brokerage for himself. Hannan then informed Jaeger that the property could not be purchased for the sum of $2,000, which was the price fixed by Jaeger, and, finally, the purchase price

was inflated to $3,600, which is the consideration finally passing between Jaeger and Hannan. As the price advanced, however, during the negotiations, Jaeger (who had also agreed to pay Hannan the same commission which the owner was to pay) withdrew this part of the commission, and said that Hannan would have to receive his entire compensation from the owner.

During all these negotiations Hannan represented to Jaeger that he was unable to get the property for the various figures mentioned, ranging from $2,000 to the final figure of $3,600.

The Manor Real Estate and Trust Company was the owner of the land. It agreed to sell the land, as a result of these negotiations, for $2,250. The agreement was first taken in the name of Charles E. Gorrell, a mere dummy.

The agreement was drawn by George Frankenstein, a member of the bar of this state, acting for Hannan. He testified that later on he learned that Gorrell was married and that there would be difficulty in obtaining his wife's signature to a deed, and so the contract with the Manor Real Estate and Trust Company for the sale of this land was assigned to Charles A. Rubens, to whom the deed for the property was given by the real estate company. The consideration passing to the real estate company was $2,250. There was considerable delay in closing the transaction, due, doubtless, to the manœuvring thus employed; but, finally, on June 10th, 1915, title passed to Rubens from the real estate company, and then Rubens executed the deed to the H. J. Jaeger Company, the consideration for which was $3,600.

Frankenstein was paid $150 for his services by Hannan.

Complainant, claiming to be the real party in interest, and for whom H. J. Jaeger, its president, simply acted as its agent in this transaction, now seeks an accounting from Hannan to the extent that Hannan received unjust profits in this transaction.

It is clear that if a fiduciary relationship is shown to have existed between complainant and defendant, the defendant cannot take any profit in this transaction, at the expense of the party whose interests he was bound to protect, unless full disclosure was made and assented to by the complainant. *Loudenslager* v. *Woodbury Heights Land Co., 58 N. J. Eq. 556.*

It seems equally clear that the burden of establishing the fiduciary relationship is upon the complainant.

I think there is ample evidence in this case, direct and positive, with strong corroborating facts and atmosphere to establish the fact that Hannan, through his relations with Jaeger, was acting as the agent for the complainant, and that while so acting in negotiating the purchase of the land in question, manœuvred and manipulated a sale from the owner to a dummy and then resold to his principal at a profit. The exact amount of this profit is not disclosed by the proofs, but, when ascertained by a proper accounting, the defendant should be decreed to pay that amount to the complainant.

If it is necessary to bring in Herman J. Jaeger as a party complainant in order to make the record technically correct for the granting of the relief stated, an order will be made on application to make such an amendment.

The only doubt, in my mind, is whether complainant has not an adequate remedy by law, either for damages or an action in *quasi*-contract against Hannan to recover the amount of Hannan's profit. *Dickinson* v. *Updike, 49 Atl. Rep. 712.*

But I am satisfied, after consideration, that the relief here sought is of a clear equitable nature, and that a decree in accordance herewith should be made.

I will so advise.